1  Matthew Borden, Esq. (SBN: 214323)
       borden@braunhagey.com
2  Amit Rana, Esq. (SBN: 291912)
       rana@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
4  San Francisco, CA 94104
   Telephone:  (415) 599-0210
5  Facsimile:   (415) 276-1808

6  ATTORNEYS FOR DEFENDANT
   YummyEarth Inc.
7

8

9               **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  SUMMER SANDOVAL, individually,  )   Case No.  5:17-cv-01832
    and on behalf of all others similarly )
14  situated,                        )
                                      )   **DEFENDANT YUMMY EARTH**
15              Plaintiff,            )   **INC.'S NOTICE OF REMOVAL**
                                      )
16         v.                         )
                                      )
17  YUMMYEARTH INC. and DOES 1-       )
    25, inclusive,                    )
18                                    )
                Defendant(s).         )
19                                    )
                                      )
20                                    )
                                      )
21                                    )
    ─────────────────────────────────
22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant YummyEarth Inc. ("YummyEarth") hereby removes this action from the Superior Court in the State of California for San Bernardino County to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This action is a suit between citizens of different states and Plaintiff alleges that the amount of damages and restitution she is seeking to recover is "hundreds of thousands of dollars." (FAC ¶¶ 21-22.) In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal.

**I.   THE COMPLAINT AND STATE COURT PROCEEDINGS**

1. On May 22, 2017, Plaintiff Summer Sandoval filed an action against Yummy Earth, entitled *Sandoval v. YummyEarth Inc.,* Case No. CIVDS 1709943, in the Superior Court in the State of California for San Bernardino County. Plaintiff did not serve this complaint on YummyEarth, and YummyEarth was not aware that it had been filed.

2. On July 25, 2017, Plaintiff filed a First Amended Complaint ("FAC") against YummyEarth in the Superior Court in the State of California for San Bernardino County.

3. On August 11, 2017, Defendant became aware of the lawsuit when it was served with a copy of the First Amended Complaint and Summons. True and correct copies of the First Amended Complaint and Summons are attached as **Exhibit A.**

**II.   JURISDICTION AND VENUE**

4. As is set forth below, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), and is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, the amount in controversy sought by

Plaintiff exceeds the sum of $75,000 and YummyEarth is not a citizen of California, the forum state.

5. Venue is proper in this Court because this Court embraces the County of San Bernardino where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

6. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1) (District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States").

### A. The Amount in Controversy Exceeds $75,000

7. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all her claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012).

8. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

9. Here, it is facially apparent from Plaintiff's own pleading that the amount of damages and restitution she seeks would amount to "hundreds of thousands of dollars." (FAC ¶ 21-22.)

10. Under Supreme Court and Ninth Circuit law, "if the state court complaint expressly seeks more than $75,000, removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith. Because plaintiff instituted the case in state court, there is a strong presumption plaintiff did not inflate the claim to support removal." B. O'Connell & K.

Stevenson, FED. CIV. PROC. BEFORE TRIAL § 2:2389 (Rutter 2017) (collecting cases). As the Supreme Court has explained, "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). *See also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-03 (9th Cir. 1996) (jurisdictional facts stated in plaintiff's state-court complaint control unless plaintiff can prove to a "legal certainty" that his pleading was inaccurate).

11. Here, Plaintiff alleges that as a result of the complained of actions, "Defendant has wrongfully taken hundreds of thousands of dollars from consumers" and seeks to "recover the funds taken by this unlawful practice." (FAC ¶¶ 21-22; Prayer For Relief ¶¶ 3-4 (seeking "damages suffered by Plaintiff and Class members" and "restitution to Plaintiff and Class members of all monies wrongfully obtained by the Defendant.").)

12. Plaintiff also seeks "an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint," which Plaintiff contends results in Defendant taking "hundreds of thousands of dollars from consumers." (FAC ¶ 21; Prayer for Relief ¶ 4.)

13. While YummyEarth denies the allegations set forth in the FAC and maintains that Plaintiff is not entitled to any of the relief she seeks, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell*, 471 F. App'x at 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

14. Defendant also is submitting a sworn declaration of its officer in support of removal attesting to satisfaction of the amount in controversy. In the four-year period for which Plaintiff seeks damages and restitution, YummyEarth sold over

$1,000,000 of YumEarth Organic Vitamin C Pops in the United States. (Declaration of Michael Sands ("Sands Decl.") ¶ 4.)

15. Based on the allegations in the complaint, the amount in controversy requirement is satisfied.

### B. The Suit is between Citizens of Different States

16. A suit is between citizens of different states for diversity jurisdiction purposes when all plaintiffs are diverse from all defendants. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d.3d 1110, 1112 (9th Cir. 2016).

17. A natural person has the citizenship of the place of his domicile. *Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Corporate parties can have the citizenship of the state of incorporation and the citizenship of the state of its principle place of business. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972).

18. Here, Plaintiff is a citizen of the State of California. (FAC ¶ 1.)

19. Defendant YummyEarth is a New Jersey corporation with its principle place of business in Connecticut. (FAC ¶ 2); (Sands Decl. ¶ 2.)

20. Therefore, the suit is between citizens of different states.

### C. All Procedural Requirements are Satisfied

21. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Superior Court of California for the County of San Bernardino. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the country where the state court action was pending.

22. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. YummyEarth became aware of the lawsuit when it was served with the FAC on August 11, 2017. Notice of Removal must be filed on or before September 11, 2017.

23. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from state court are attached hereto as **Exhibit B**.

24. Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of San Bernardino.

## CONCLUSION

25. WHEREFORE, Defendant YummyEarth hereby removes this case from the California Superior Court for the County of San Bernardino to this federal district court.

Dated: September 8, 2017

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ Matthew Borden
Matthew Borden

*Attorneys for Defendant YummyEarth Inc.*