# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SUMMER SANDOVAL,<br><br>    Plaintiff,<br><br>  v.<br><br>YUMMYEARTH INC.,<br><br>    Defendant. | CV 17-01832 TJH (KKx)<br><br>Order<br><br>JS-6 |

    The Court has reviewed Defendant YummyEarth Inc.'s ["YummyEarth"] notice of removal.

    YummyEarth is a New Jersey corporation that sells food products, including bags of lollipops. Sandoval, a California citizen, alleged that she bought YummyEarth's lollipops, thinking that the lollipops were healthy because the ingredient list listed "evaporated cane juice" rather than "sugar." In 2017, Sandoval filed this putative class action, in California Superior Court, on behalf of herself and all unnamed individuals who purchased YummyEarth's lollipops with the "evaporated cane juice" labeling. Sandoval's First Amended Complaint ["FAC"] alleged that YummyEarth's labeling was a: (1) Negligent misrepresentation; (2) Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (3) Violation of California's False Advertising

law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and (4) Violation of California's Unlawful Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. Sandoval sought damages, restitution, and injunctive relief, but did not specify any amounts.

YummyEarth removed this case, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007). The Court has subject matter jurisdiction on the basis of diversity when the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332(a). The issue, here, is whether the amount in controversy threshold has been met. Because it is not facially evident from the FAC that the amount in controversy exceeds $75,000.00, YummyEarth must allege facts in the notice of removal to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Sandoval alleged the lollipops cost $8.99 per bag. YummyEarth has not substantiated that Sandoval, or any other individual putative class members, purchased over 8,000 bags of lollipops. YummyEarth cannot aggregate the putative class monetary relief claims to meet the threshold because it did not remove this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(D)(2), and none of the exceptions to aggregating putative class claims are applicable, here. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 943-944 (9th Cir. 2001). Accordingly, YummyEarth has not shown that Sandoval, or any putative class member, can meet the minimum amount in controversy with regard to their monetary relief claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 555 (2005).

Where plaintiff seeks injunctive relief, as Sandoval does here, the amount in controversy threshold may, also, be met by measuring the value of the injunctive relief. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). YummyEarth submitted a declaration from its Chief Executive Officer, who declared that complying with an injunction would cost over $75,000.00 without providing any factual basis for

such conclusion. However, "a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Accordingly, YummyEarth failed to establish, by a preponderance of the evidence, that this Court has diversity jurisdiction.

Accordingly,

It is Ordered, *sua sponte*, that the action be, and hereby is, Remanded.

Date:  April 9, 2018

_____
Terry J. Hatter, Jr.
Senior United States District Judge